UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GARCIA,

                          Plaintiff,

          -against-

WESTCHESTER COUNTY DISTRICT
ATTORNEY OFFICE; D.A. ANTHONY
SCARPINO; A.D.A. JEAN PRISCO;
WESTCHESTER COUNTY; A.D.A.
JENNIFER SCULCO,

                          Defendants.

21-CV-00348 (LLS)

ORDER OF DISMISSAL WITH LEAVE TO
REPLEAD

LOUIS L. STANTON, United States District Judge:

         Plaintiff, currently incarcerated in the Orange County Correctional Facility, brings this

*pro se* action under 42 U.S.C. §1983, alleging that Defendants violated his constitutional rights.

By order dated January 29, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

         The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma

pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint, naming as defendants the Westchester County District Attorney's Office, District Attorney (D.A.) Anthony Scarpino, Assistant District Attorney (A.D.A.) Jean Prisco and A.D.A. Jennifer Sculco, and Westchester County, sets forth the following facts: Plaintiff

represented himself during his criminal state-court proceedings. Defendants allegedly violated

Plaintiff's right to due process, a fair trial, and to prepare a "proper defense," by failing to

provide Plaintiff with discovery, access to grand jury minutes and other "papers," and "proper

time or notice to examine, review, & study [his] case" (ECF 1 ¶ V.) The grand jury was

"impaired" and "prejudiced" against Plaintiff, and Defendants "presented insufficient & bias[ed]

evidence to support the charges" against him. (*Id.* at 8.) It appears that Plaintiff was convicted of

the criminal charges, because he discusses preparing his appeal. (*Id.*)

## DISCUSSION

### A.    Section 1983

Plaintiff filed this complaint under 42 U.S.C. §1983. Section 1983 allows an individual to

bring suit against persons who, acting under color of state law, have caused him to be "depriv[ed]

of any rights, privileges, or immunities secured by the Constitution and laws of the United

States." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.    *Younger* doctrine

Plaintiff's request that this Court intervene in his pending state-court criminal case must

be denied, and his claims must be dismissed. In *Younger v. Harris*, 401 U.S. 37 (1971), the

Supreme Court of the United States held that a federal court may not enjoin a pending state-court

criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or

irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-

74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct.

584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is

required: When there is a parallel, pending state criminal proceeding, federal courts must refrain

from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal appeal. The Court will therefore not intervene in those proceedings and dismisses any claims for injunctive relief that Plaintiff seeks to assert.

### 2.    Immune or improper defendants

#### a.      The prosecutors

Plaintiff's claims against D.A. Anthony Scarpino, A.D.A. Jean Prisco and A.D.A. Jennifer Sculco must be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of N.Y.*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for damages for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims for damages against Defendants Scarpino, Prisco, and Sculco are based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### c.     The Westchester County District Attorney's Office

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Westchester County District Attorney's Office under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted). Courts have held that an office of a district attorney in New York State is afforded Eleventh Amendment immunity with regard to its decisions to prosecute. *See, e.g., Cano v. Cohen*, No. 1:18-CV-11550, 2019 WL 4933580, at *2 (S.D.N.Y. Oct. 4, 2019). Courts have also held that such an office is a nonsuable entity. *See id.*

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff sues the Westchester County District Attorney's Office because of its decision to prosecute him. (*See* ECF 2, at 7, 18, 26.)

The Court therefore dismisses Plaintiff's § 1983 claims against the Westchester County District Attorney's Office under the doctrine of Eleventh Amendment immunity.

###### d.       Westchester County

When a plaintiff sues a municipality, such as Westchester County, under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

The complaint does not contain any facts suggesting that the events underlying this complaint arose from a policy, custom, or practice of Westchester County.. But the Court grants Plaintiff leave to amend his complaint to plead facts showing that Westchester County's policies, customs, or practices caused the alleged violation of his rights.

## B.       Release from custody

A plaintiff may not challenge the validity of his confinement or seek release from custody in a civil action under § 1983, but must instead bring a petition for a writ of *habeas corpu*s to seek such relief. . *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (finding that a *habeas corpus* action is the proper means for a state prisoner to bring a "challenge to the fact or duration of his confinement based, as here, upon the alleged unconstitutionality of state administrative action").

A prisoner in state custody may not circumvent the exhaustion prerequisites for *habeas corpus* relief by seeking relief for an allegedly unlawful confinement in a § 1983 action. *See id.* at 489-90.

Here, Plaintiff seeks unspecified injunctive relief, and does not explicitly ask to be released. If Plaintiff seeks release, he must file a petition for *habeas corpus* relief under 28 U.S.C. § 2254 after exhausting his available state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

**C.     Leave to amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 44-45 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Because it is not clear whether amendment would be futile, the Court grants Plaintiff leave to file an amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court grants Plaintiff thirty days' leave to replead his claims should he wish to do so. Plaintiffs must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-00348 (LLS). An Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated:   February 4, 2021
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)


**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
| --- | --- | --- |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
| --- | --- | --- |

Defendant 2:

| First Name | Last Name | Shield # |
| --- | --- | --- |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
| --- | --- | --- |

Defendant 3:

| First Name | Last Name | Shield # |
| --- | --- | --- |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
| --- | --- | --- |

Defendant 4:

| First Name | Last Name | Shield # |
| --- | --- | --- |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
| --- | --- | --- |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____