UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GARCIA,

     Plaintiff,

-against-

WESTCHESTER COUNTY MUNICIPALITY;
ANTHONY SCARPINO; JEAN PRISCO;
JENNIFER SCULCO,

     Defendants.

21-CV-00348 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

  Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), is currently incarcerated in the Orange County Jail. Plaintiff filed this complaint under 42 U.S.C. §1983 alleging that Defendants violated his rights. By order dated February 4, 2021, the Court dismissed Plaintiff's complaint with leave to replead his claims. Plaintiff filed an amended complaint on March 1, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The original complaint named as defendants the Westchester County District Attorney's Office, District Attorney (DA) Anthony Scarpino, Assistant District Attorney (ADA) Jean Prisco, ADA Jennifer Sculco, and Westchester County. The complaint set forth the following allegations. During Plaintiff's state-court criminal proceedings, Defendants failed to provide him with discovery, the grand jury minutes and other "papers," and denied him "proper time or notice

2

to examine, review, & study [his] case." (cite) As a result, Defendants violated Plaintiff's right to due process and a fair trial, and hindered his ability to prepare a "proper defense." (ECF 1 ¶ V.) The grand jury was "impaired" and "prejudiced" against Plaintiff, and Defendants "presented insufficient & bias[ed] evidence to support the charges" against him. (*Id.* at 8.) It appeared that Plaintiff was convicted of the criminal charges, because he discussed challenges he is having preparing his appeal. (*Id.*)

In the February 4, 2021 order, the Court dismissed the complaint with leave to replead because the prosecutor defendants are immune from suit, and there is no suggestion that a municipal policy, custom, or practice was implicated in the events giving rise to this action. The Court further noted in that order that if Plaintiff seeks to challenge his conviction or to be released from custody, he may file a petition under 28 U.SC. § 2254 after exhausting his state court remedies.

The amended complaint names the same defendants as the original pleading, and reiterates that the prosecution presented insufficient and biased evidence to support Plaintiff's conviction, and he was denied discovery, the grand jury minutes, and other documents, which violated his fair trial rights and hindered his ability to prepare an appeal. (ECF 7.) Plaintiff also alleges that he was subjected to a malicious prosecution, and he claims that DA Scarpino was "terminated" and that ADA Sculco and Prisco are "under review" for termination because of corruption. (*Id.* at 8.) Attached to the amended complaint is a newspaper article about a whistleblower in the Mount Vernon Police Department who recorded fellow officers acknowledging that "innocent people were framed." (*Id.* at 11-12.) Plaintiff seeks "compensation" and "all other relief the Courts may deem fit and proper." (*Id.* ¶ VI.)

**DISCUSSION**

The facts asserted in Plaintiff's amended complaint are substantially similar to those asserted in the original pleading. Plaintiff reiterates that Defendants violated his right to a fair trial by denying him access to discovery and other materials relevant to the criminal proceedings. But the prosecutor defendants are immune from suit for the actions alleged in the amended complaint. *Cf. Warney v. Monroe Cnty.*, 587 F.3d 113, 125 (2d Cir. 2009) (holding that the prosecutor absolutely immune from liability under § 1983 for alleged *Brady* violation); *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (holding that a prosecutor is "entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information,'" notwithstanding the "'reprehensible'" nature of that conduct.) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n.34 (1976)).

Moreover, notwithstanding Plaintiff's allegations of corruption within the DA's Office and the Mount Vernon Police Department, Plaintiff does not provide any additional facts giving rise to a municipal liability claim. Therefore, the amended complaint is inadequate for the same reasons stated in the February 4, 2021 order.

In the amended complaint, Plaintiff asserts that he was subjected to a malicious prosecution. The tort of malicious prosecution "remedies detention accompanied . . . by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). "[F]ederal law defines the elements of a § 1983 malicious prosecution claim, and . . . a State's tort law serves only as a source of persuasive authority." *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). Under New York law, to state a claim for malicious prosecution a plaintiff must allege facts showing that: (1) the defendant initiated or continued a prosecution against the plaintiff; (2) the defendant lacked probable cause to commence the proceeding or believe the

proceeding could succeed; (3) the defendant acted with malice; and (4) the prosecution terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).

"[A] plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018); *Thompson v. Clark*, 794 F. App'x 140, 141 (2d Cir. 2020) (holding that a dismissal in the interest of justice "is by itself insufficient to satisfy the favorable termination requirement"), *cert. granted*, No. 20-659, 2021 WL 922983 (U.S. Mar. 11, 2021).

Although Plaintiff argues that there were deficiencies in his criminal proceedings, he does not allege that his conviction "has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (relying on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff thus fails to state a claim for malicious prosecution. This claim is dismissed without prejudice subject to renewal should Plaintiff's conviction be invalidated.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

SO ORDERED.

Dated: April 30, 2021
       New York, New York

                                              Louis L. Stanton
                                              U.S.D.J.